UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

WILLIAMS TRANSPORT, LLC                                                                     PLAINTIFF

VS.                                                                           CIVIL ACTION NO. 4:13CV76 DPJ-FKB

DRIVER PIPELINE COMPANY, INC.,
BUCKLEY EQUIPMENT SERVICES, INC., AND
XYZ INDIVIDUALS AND ABC ENTITIES                                                  DEFENDANTS

ORDER

This contract and business-tort case is before the Court on Plaintiff Williams Transport, LLC's Motion to Remand [4], Defendant Driver Pipeline Company, Inc.'s Motion to Strike [8], and Defendant Buckley Equipment Services, Inc.'s Motion to Dismiss [17].  For the reasons that follow, the motion to remand is denied, the motion to strike is granted in part and denied in part, and the motion to dismiss is granted.

I.      Facts and Procedural History

In June 2009, Williams and Driver entered into a contract under which Williams was to clear a 44-mile right-of-way in Jasper County, Mississippi.  Driver ultimately terminated its contract with Williams.  Williams alleges that Defendant Buckley Equipment Services, Inc., "tort[i]ously, wrongfully and knowingly conspired with and convinced Driver Pipeline to wrongfully terminate Driver Pipeline's contract with Plaintiff and assign the remaining portions of Plaintiff's work and contract to Buckley."  Compl. [1-4] ¶ 12.

Williams filed suit in Jasper County Circuit Court on November 15, 2010, against Driver, Buckley, and John Doe Defendants, alleging state-law-contract and tort claims.  Williams served Driver on November 24, 2010, but did not effect service upon Buckley, the only non-diverse defendant.  Driver timely removed the case to this Court on December 22, 2010.  *See Williams*

*Transport, LLC v. Driver Pipeline, Inc.*, No. 4:10cv216-CWR-FKB. In its Notice of Removal, Driver contended that Williams had no viable cause of action against Buckley, thereby making its joinder improper and resulting in diversity jurisdiction. Williams moved to remand, arguing that it could state a claim against Buckley. On January 31, 2011, the Court entered an Agreed Order of Remand.

Following remand, the parties litigated an arbitration issue that ultimately resulted in an opinion from the Mississippi Supreme Court that was mandated January 31, 2013. *See Driver Pipeline Co., Inc. v. Williams Transport, LLC*, 104 So. 3d 845, 850 (Miss. 2012). Three months later, on April 2, 2013, Williams filed a motion for scheduling conference in state court, which it served on Driver but not Buckley. Mot. for Rule 26(c) Conference [1-2]. The motion included a proposed scheduling order that listed an August 2013 trial date. At that point, Buckley had never been served with process. Driver viewed the pleading as an indication that Williams had abandoned its claims against Buckley and re-removed the case on April 23, 2013. Williams then moved to remand on May 16, 2013.

The final procedural twist began September 27, 2013, when Williams finally issued a summons for Buckley—more than two years after the time to do so under Mississippi Rule of Civil Procedure 4(h) and Federal Rule of Civil Procedure 4(m) expired. Buckley moved to dismiss [17], and that motion has now been fully briefed. Although the matter is set for hearing December 20, the Court concludes that the record as a whole adequately demonstrates the Court's subject-matter jurisdiction eliminating the need for a hearing.

II.     Analysis

Before addressing Buckley's motion to dismiss, the Court must determine whether subject-matter jurisdiction exists. That said, the issues raised in the motion to dismiss are in some ways relevant to the jurisdictional issue.

A.      Motion to Remand

Driver premises federal jurisdiction on diversity of citizenship. District courts have jurisdiction over civil actions between "citizens of different States." 28 U.S.C. § 1332(a)(1). The diversity statute requires complete diversity between all named plaintiffs and all named defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). However, "a narrow exception to the rule" exists where the non-diverse defendant was improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). "The burden of demonstrating improper joinder is a heavy one and is placed upon the party seeking removal." *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)). The test for improper joinder is "whether there is any reasonable basis for predicting the plaintiff[] might be able to recover against . . . the in-state defendant." *Jones v. Gen. Motors Corp.*, No. 3:06cv608–DPJ–JCS, 2007 WL 1610478, at *1 (S.D. Miss. June 1, 2007) (quoting *Love v. Ford Motor Co.*, 212 F. App'x 292, 294 (5th Cir. 2006)).

A district court should ordinarily resolve an improper joinder claim by conducting a Rule 12(b)(6)-type analysis. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The Court "must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). Similarly, the Court must resolve all

ambiguities in controlling state law in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citations omitted). Finally, "there are cases, hopefully few in number, in which the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. In such cases, the district court has the discretion to "pierce the pleadings" and conduct a summary inquiry. *Id.* The Court concludes that a summary inquiry is appropriate given the procedural history of this case.

1. Successive Removals

Williams contends that Driver may not again seek removal on the same basis as its earlier removal. While that argument may be true with respect to the Driver's argument that Williams cannot state a factual claim against Buckley, it is not true with respect to the arguments that Williams never served Buckley and the claims are now time barred. *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) ("We have already established that section 1446(b) allows Infax to file successive removals based on different factual basis."); *Jamison v. Kerr-McGee Corp.*, 151 F. Supp. 2d 742, 744–45 (S.D. Miss. 2001) ("The same theory of federal jurisdiction may be pled in the second notice, provided only that different facts support it.").

2. Substantive Arguments

    a. Statute of Limitations

Although the parties raised several issues, the Court focuses on whether there is a reasonable basis for predicting that Williams could recover against Buckley. And that question turns first to the statute of limitations.[1] Driver contends—and Williams does not dispute—that

---

[1] Because there is no basis for predicting recovery from Buckley, the Court does not address Driver's contention that Williams essentially committed a fraud on the court by using Buckley to destroy diversity and abandoning the claim just before trial in state court.

4

Williams's claims against Buckley accrued on or before October 14, 2009, and that the statute of limitations for those claims is three years. Miss. Code Ann. § 15-1-49. Under Mississippi law, the filing of the Complaint tolls the statute of limitations for the 120 days allowed to effect service of process, after which the statute begins to run again. *See Ball v. Wal-Mart Stores, Inc.*, 34 F. Supp. 2d 424, 427 (S.D. Miss. 1998) (Lee, J.). So when Williams failed to serve Buckley within 120 days of the filing of the lawsuit, the statutory clock on Williams's claims resumed, ultimately expiring on or about February 12, 2013, which was before Buckley was ever served with process and before the case was removed.

Williams argues that this issue is of no moment because the claims were timely when filed, relying on *Seafoam, Inc. v. Barrier Sys., Inc.*, 830 F.2d 62, 66 (5th Cir. 1987) ("It is well established law that the jurisdiction of a federal court sitting in diversity is determined as of the time of filing of the complaint."). But the plaintiff in *Seafoam* filed suit in federal court. *Id*. at 64. When a case is removed from state court, the operative time for determining whether a viable claim exists is the time of removal. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (holding that defendant "must prove that federal jurisdiction existed at the time of removal"). The claims against Buckley were time-barred when the case was removed and are therefore improperly joined. *See Boone v. Citigroup, Inc.*, 416 F.3d 382, 392 (5th Cir. 2005) (finding improper joinder where claims against non-diverse defendant were time-barred).

      b.  Lack of Timely Service of Process

Williams's claims against Driver would fail from a related yet separate reason—there is no good cause for the delayed service. Williams had 120 days to perfect service. Miss. R. Civ. P. 4(h). Yet service was not perfected on Buckley until October 3, 2013, more than two years

5

after the 120-day window closed. A Mississippi court could excuse the late service if Williams was able to "show good cause why such service was not made within [the 120-day] period." Miss. R. Civ. P. 4(h).

"[A] plaintiff attempting to establish good cause must show at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Welch Roofing & Constr., Inc. v. Farina*, 99 So. 3d 274, 277 (Miss. Ct. App. 2012) (quotation marks omitted). The Mississippi Supreme Court has explained that

> good cause is likely (but not always) to be found when the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service, or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

*Holmes v. Coast Transit Auth.*, 815 So. 2d 1183, 1186 (Miss. 2002) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1137, at 342 (3d ed. 2000)). "In demonstrating good cause and diligence, a plaintiff must show that he or she has been unable to serve process because the defendant evaded process or engaged in misleading conduct, or for some other acceptable reason . . . ." *Montgomery v. SmithKline Beecham Corp.*, 910 So. 2d 541, 545 (Miss. 2005). "'Good cause' can never be demonstrated where plaintiff has not been diligent in attempting to serve process." *Id.* (citing *Bang v. Pittman*, 749 So. 2d 47, 52 (Miss. 1999)). And though not required, a motion for leave to serve beyond the 120-day period would demonstrate diligence and support a good-cause finding. *Webster v. Webster*, 834 So. 2d 26, 29 (Miss. 2002).

Good cause is not apparent on this record. Upon service, Buckley moved for dismissal citing federal Rule 4(m) and the applicable statute of limitations. Its motion gave Williams an opportunity to demonstrate good cause, which Williams attempted to do. According to Williams, it did not sit idle and then seek indulgence. Pl.'s Mem. [21] at 7. Williams explains that it has fought *Driver* for three years on mostly jurisdictional issues, including two removals and one trip to the Mississippi Supreme Court. *Id*.

But as noted above, "'[g]ood cause' can *never* be demonstrated where plaintiff has not been diligent *in attempting to serve process*." *Montgomery*, 910 So. 2d at 545 (emphasis added). While Williams demonstrated its diligence with respect to Driver, it has offered no evidence that it ever attempted service on Buckley and has not identified any impediments it faced in doing so. *See Holmes*, 815 So. 2d at 1186. Williams never sought leave for out-of-time service, *Webster*, 834 So. 2d at 29, and professes that it eventually served Buckley in October 2013, "[o]ut of an abundance of caution . . . ."[2] Pl.'s Mem. [21] at 3.

Given (1) the substantial length of delay; (2) the fact that Williams was apparently ready to proceed to trial without Buckley; (3) the absence of diligence in attempting to serve Buckley; and (4) the apparent ease with which Williams served Buckley when the lack of service was raised as a basis for federal jurisdiction, there is no reasonable basis to predict recovery from Buckley. *See Montgomery*, 910 So. 2d at 548 (affirming dismissal where Plaintiffs failed to demonstrate they acted diligently in attempting to perfect service); *Stutts v. Miller*, 37 So. 3d 1, 6 (Miss. 2010) (affirming dismissal for failure to serve within 120 days where Plaintiff did not establish good cause).

---

[2]This statement begs the question whether Williams ever intended to serve Buckley.

Williams claims, however, that dismissal of Buckley under Rule 4(h) would be "without prejudice and would not affect the remand issue." While Rule 4(h) does require dismissal without prejudice, that is not the case with respect to claims for which the statute of limitations has already run. *Copiah Cnty. Sch. Dist. v. Buckner*, 61 So. 3d 162, 168 (Miss. 2011) ("[I]f the statute of limitations has run, then dismissal with prejudice is appropriate."). Again, there is no reasonable basis for predicting recovery.

    B.    Motion to Strike

Williams did not file a rebuttal within the time provided by Local Rule 7(b)(4), and on August 1, 2013, the Court directed Williams to do so. Williams complied, but its rebuttal raised new issues, and Driver filed its motion to strike [9] on August 13, 2013. Driver is correct that Williams's rebuttal raised new issues. But because the matter is before the Court on the question of its subject-matter jurisdiction, the Court prefers to consider all of the parties' arguments. Therefore, the motion to strike is denied, but the alternative motion for leave to file a surrebuttal is granted. The Court treats Driver's Surrebuttal [9-1] as having been separately docketed, and it considered the arguments raised therein.

    C.    Motion to Dismiss Buckley

Having established that subject-matter jurisdiction exists, the Court may now consider Defendant Buckley's motion to dismiss. For the reasons stated above, that motion is granted, and the claims against Buckley are dismissed with prejudice.

IV.    Conclusion

    The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. For the foregoing reasons, Plaintiff Williams Transport,

LLC's Motion to Remand [4] is denied, Defendant Driver Pipeline Company, Inc.'s Motion to Strike [8] is granted in part and denied in part, and Defendant Buckley Equipment Services, Inc.'s Motion to Dismiss [17] is granted.

**SO ORDERED AND ADJUDGED** this the 12th day of December, 2013.

                                                s/ *Daniel P. Jordan III*
                                                UNITED STATES DISTRICT JUDGE